# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1997 SESSION

**FILED**

October 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **WILLIAM JOSEPH HAYES,** | ) | |
| | ) | **C.C.A. NO. 01C01-9608-CC-00351** |
| Appellant, | ) | |
| | ) | **WILLIAMSON COUNTY** |
| VS. | ) | |
| | ) | **HON. HENRY DENMARK BELL,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**WILLIAM JOSEPH HAYES, pro se**          **JOHN KNOX WALKUP**
Turney Center Industrial Prison          Attorney General & Reporter
Unit 4-B
Route 1, Turney Center                   **PETER M. COUGHLAN**
Only, TN   37140-9709                    Asst. Attorney General
                                         450 James Robertson Pkwy.
                                         Nashville, TN  37243-0493

                                         **JOSEPH D. BAUGH**
                                         District Attorney General
                                         P. O. Box 937
                                         Franklin, TN 37065

OPINION FILED:_____

**REVERSED AND REMANDED**

**JOHN H. PEAY,**
Judge

The petitioner pled guilty to one count of solicitation to commit first-degree murder and was sentenced pursuant to a plea-bargain as a Range I standard offender to eight years incarceration in the Tennessee Department of Correction. Judgment was entered on August 25, 1994. On May 3, 1996, the petitioner filed for post-conviction relief alleging that he had pled guilty as a result of ineffective assistance of counsel. The court below summarily dismissed the petition on the grounds that "measured against the court record, the petition for post conviction relief is without merit." The petitioner now appeals, claiming that he was entitled to a hearing on his post-conviction claims. We agree and reverse and remand this matter for an evidentiary hearing.

Upon receipt of a petition for post-conviction relief, "the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." T.C.A. § 40-30-206(f) (Supp. 1996) (emphasis added). In the instant case, the petitioner alleged that he received ineffective assistance of counsel and that he was thereby coerced into pleading guilty. In support of his claims, he alleged, among other things, that his attorneys failed to represent him properly as follows:

1.   Failed to enter his plea in accordance with his wishes;

2.   Disregarded his suggestions for the "development of or aggressive pursuit of any viable defenses;"

3.   Refused to file a motion for psychological evaluations;

4.   Refused to contact witnesses;

5.   Failed to respond to repeated communications;

6.   Informed him that the only responsibility to him "was not

2

> a defense which shall prevail at trial, but to get [him] the best deal (i.e., plea bargain), nor, for that matter, to have the jury find [him] innocent, nor no verdict due to the insufficiency of the evidence beyond a reasonable doubt to sustain a conviction of guilt;" and

> 7. Told him that his religion -- Wicca -- was on trial, not his crime.

As a result of these failures, the petitioner contends, he "was coerced by them and their missleading advise of prevailing in the Appellate Courts of the State of Tennessee, to accept a plea."

In reviewing the petitioner's allegations, the court below examined other matters contained in the record of the State's case against the petitioner and decided that the petitioner's allegations were without merit. We commend the court below for attempting to save the State the time, money and resources required to provide the petitioner with a hearing. However, in doing so, the court below overlooked its statutory duty to take <u>as true</u> the allegations contained in the petition, without regard to other matters contained in the record. Taken as true, the petitioner's allegations state a claim for relief. Accordingly, even if every single allegation is proved false, the petitioner is entitled to a hearing.

The judgment below is reversed and this matter is remanded for an evidentiary hearing in accordance with the Post-Conviction Procedure Act, T.C.A. § 40-30-201 et. seq. (Supp. 1996).

_____
JOHN H. PEAY, Judge

CONCUR:


_____
WILLIAM M. BARKER, Judge


_____
JERRY L. SMITH, Judge