IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2015

## JOHN C. CRIM v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County
No. 08-CR-567     David Earl Durham, Judge**

_____

**No. M2014-00948-CCA-R3-PC – Filed April 13, 2015**

_____

Petitioner, John C. Crim, appeals the summary dismissal of his petition for post-conviction relief for failure to state a colorable claim. After careful review of the parties' briefs, the record, and the applicable law, we conclude that the petition alleged a colorable claim of ineffective assistance of counsel, thereby entitling Petitioner to appointed counsel and to an opportunity to amend his petition with the aid of post-conviction counsel. Additional claims made by Petitioner were previously determined during his direct appeal and were, therefore, properly dismissed. Accordingly, the judgment of the post-conviction court is affirmed in part, reversed in part, and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part, Reversed in Part, and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR., J., joined. THOMAS T. WOODALL, P.J., filed a separate opinion concurring in part and dissenting in part.

Tillman W. Payne, Carthage, Tennessee, for the petitioner, John C. Crim.

Herbert H. Slatery III, Attorney General and Reporter; Meredith Devault, Senior Counsel; Tom P. Thompson; District Attorney General; and Thomas H. Swink, Assistant District Attorney General, for the respondent, State of Tennessee.

## OPINION

_Factual and Procedural Background_

Nearly six years ago, on May 27, 2008, Petitioner admitted in an interview with a Wilson County Sheriff's Department detective that he touched his minor daughter "a few times each year from the time she was seven." He admitted to penile-vaginal contact with the child nine to twelve times and that she performed oral sex on him four or five times and he on her once. *State v. John C. Crim*, No. M2010-01281-CCA-R3-CD, 2012 WL 76891, at *1 (Tenn. Crim. App. Jan. 10, 2012), *perm. app. denied* (Tenn. Apr. 12, 2012).

Trial counsel filed a motion to suppress this statement. A full and fair hearing was conducted after which the trial court found that the interview was not a custodial interview and that (1) Petitioner went to the sheriff's office voluntarily; (2) nothing was intimidating about how the detectives were dressed; (3) the Detective told Petitioner that he was not in custody and free to leave; (4) Petitioner was not under the influence of drugs or suffering from any condition; (5) the conversation was not confrontational; and (6) Petitioner freely volunteered the information. *See John C. Crim*, 2012 WL 76891, at *2-3.

After a jury trial for alleged sexual offenses committed against his daughter, Petitioner was convicted of eight counts of rape of a child, each a Class A felony, and six counts of aggravated sexual battery of a child less than thirteen years old, each a Class B felony. He received a total effective sentence of 212 years' imprisonment from the trial court. This Court affirmed the trial court's denial of Petitioner's motion to suppress and affirmed Petitioner's convictions on direct appeal, but this Court remanded the case to the trial court for a new sentencing hearing. *See John C. Crim*, 2012 WL 76891, at *1-15. Upon remand, amended judgments were entered on February 12, 2013, resulting in a total effective sentence of 208 years.

Petitioner filed a pro se petition for post-conviction relief on February 24, 2014, seeking relief on the following alleged grounds: (1) use of a coerced confession; (2) use of illegally obtained evidence; (3) use of evidence obtained from an unlawful arrest; (4) violation of the privilege against self-incrimination; (5) ineffective assistance of counsel; (6) illegal evidence; and (7) prosecutorial and judicial misconduct. Through an attached appendix, Petitioner additionally alleged that the trial court had improperly excluded relevant and admissible evidence in the form of drawings made by Petitioner.

On the same day, Petitioner also filed a document entitled a "Motion to Grant Leave to Amend Petition for Post Conviction," in which he sought the appointment of post-conviction counsel. This document was accompanied by a pro se "Supplemental Brief in Support of Petition for Post-Conviction Relief." In this lengthy document, Petitioner provides the factual bases and legal authorities purportedly supporting his claims.

On April 9, 2014, the post-conviction court entered a preliminary order denying post-conviction relief without appointing counsel or holding an evidentiary hearing. The post-conviction court concluded that Petitioner had not alleged a colorable claim for relief. Specifically, the post-conviction court found that all but two of Petitioner's grounds for post-conviction relief had been previously adjudicated during the direct appeal. The court determined that the allegations of prosecutorial and judicial misconduct were "without any factual basis." Additionally, the court concluded that the facts alleged to support the ineffective assistance of counsel claim would not entitle Petitioner to relief, even if true. Petitioner filed a notice of appeal on May 9, 2014. On May 23, 2014, the post-conviction court appointed appellate counsel to assist Petitioner with his appeal of the preliminary order denying relief.

*Analysis*

An appellate court's review of a summary denial of a petition for post-conviction relief is de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)). Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The first thing that a post-conviction court must do upon receiving a petition is to conduct a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief . . . ." *Id.* § 2. If a petition fails to state a colorable claim, the post-conviction court must dismiss the petition. *Id.* §§ 5(F)(5), 6(B)(4)(a); *see also* T.C.A. § 40-30-106(d) (where the factual allegations within a petition, "taken as true, fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed").

However, if a petition is filed pro se, then the post-conviction court may grant the petitioner an opportunity to amend the petition to properly allege a colorable claim. T.C.A. § 40-30-106(d). If the pro se petition remains incomplete after a chance to amend, the post-conviction court may then appoint an indigent defendant counsel. T.C.A. § 40-30-106(e). Although the decision to afford an opportunity to amend or to appoint counsel to help complete the petition is within the discretion of the post-conviction court, a post-conviction court does not have the authority to dismiss a pro se petition "for failure to follow the prescribed form until the court has given [the] petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. Sup. Ct. R. 28, § 6(B)(4)(b). Furthermore, if the post-conviction court determines that the petition of an indigent pro se petitioner states a colorable claim for relief, the petitioner is then *entitled* to the assistance of appointed counsel. *Id.* § 6(B)(3)(a); *see also* T.C.A. § 40-30-107.

A petition for post-conviction relief "shall include allegations of fact supporting each claim for relief set forth in the petition . . . ." T.C.A. § 40-30-104(e); Tenn. Sup. Ct. R. 28, § 5(E)(4)-(5). Put differently:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

T.C.A. § 40-30-106(d). Also, the allegations of fact supporting any ground for relief alleged in a petition must include "a description of how [the] petitioner was prejudiced by the error(s)." Tenn. Sup. Ct. R. 28, § 5(E)(3). Proper drafting of a petition for post-conviction relief is crucial because "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." *Id.*; Tenn. Sup. Ct. R. 28, § 5(F)(3).

When making a colorable claim determination, the post-conviction court should look only to the factual allegations in the petition. "An independent review of the transcript of the [relevant proceeding] and conclusive determination that the petition was without merit are not permissible. The preliminary stage is not the appropriate forum for adjudication of the facts of the case." *Charlton v. State*, 987 S.W.2d 862, 865 (Tenn. Crim. App. 1998) (approving of *Loring C. Warner v. State*, No. 03C01-9610-CR00407, 1998 WL 22072 (Tenn. Crim. App. Jan. 23, 1998), *perm. app. denied* (Tenn. Nov. 2, 1998), and *Garry E. Collins v. State*, No. 01C01-9603-CR-00120, 1997 WL 110016 (Tenn. Crim. App. Mar. 13, 1997)). This remains true even though a petitioner's factual allegations "may be exceedingly difficult to prove" or "it is unlikely that a petitioner could adequately establish the violation of his constitutional rights." *Waite v. State*, 948 S.W.2d 283, 285 (Tenn. Crim. App. 1997). In *Hayes v. State*, 969 S.W.2d 943, 944 (Tenn. Crim. App. 1997), this Court observed:

> In reviewing the petitioner's allegations, the court below examined other matters contained in the record of the State's case against the petitioner and decided that the petitioner's allegations were without merit. We commend the court below for attempting to save the State the time, money, and resources required to provide the petitioner with a hearing. However, in doing so, the court below overlooked its statutory duty to take *as true* the allegations contained in the petition, without regard to the other matters contained in the record.

Similarly, in *Roosevelt Malone v. State*, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. May 16, 2003), a panel of this Court provided the following explanation:

-4-

The State argues . . . that although Petitioner would be entitled to relief if his allegations are taken as true, it is evident from the record that Petitioner has little chance of succeeding on the merits of his claims in an evidentiary hearing. Although the State does not cite any authority that supports its argument, the State contends that the post-conviction court may properly dismiss the petition if it appears from the record that Petitioner ultimately will not be able to prove his allegations by clear and convincing evidence.

We respectfully disagree. . . . In this case, . . . the post-conviction court dismissed the petition, not because Petitioner did not state a colorable claim, but because it appeared to the post-conviction court that ultimately Petitioner would not be able to prevail in an evidentiary hearing. The reason for dismissal relied upon by the post-conviction court is not one of the statutory reasons for dismissing a post-conviction petition without an evidentiary hearing.

*Accord Gregory D. Valentine v. State*, No. M2014-00977-CCA-R3-PC, 2015 WL 274181, at *7 (Tenn. Crim. App. Jan. 21, 2015) (noting that "the ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing" (quotation and citation omitted)); *Michael Keith Kennedy v. State*, No. W2003-02824-CCA-R3-PC, 2005 WL 645164, at *5 (Tenn. Crim. App. Mar. 16, 2005); *Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *3 (Tenn. Crim. App. Jan 25, 2005), *perm. app. denied* (Tenn. June 27, 2005); *William Alexander Cocke Stuart v. State*, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004); *see also Amin Shabazz v. State*, No. M2002-01302-CCA-R3-PC, 2003 WL 354511, at *1-2 (Tenn. Crim. App. Feb. 14, 2003).

In this case, Petitioner's primary contention is that he received ineffective assistance of trial counsel. To allege a colorable claim for post-conviction relief based upon ineffective assistance of counsel, a petitioner must sufficiently assert the elements of deficient performance and prejudice. *Gable v. State*, 836 S.W.2d 558, 560 (Tenn. 1992); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). In support of his claim of ineffective assistance of counsel, Petitioner has alleged several errors on the part of trial counsel during both the suppression hearing and trial, and he alleges the specific prejudicial effect that these errors had upon his defense. Petitioner's claims are more than bare allegations and mere conclusions of law.

For example, Petitioner alleges that his trial counsel was ineffective for failing to thoroughly investigate the scene and circumstances of his interview and that he was prejudiced thereby because the motion to suppress his statement was denied and the

evidence was admitted against him during trial. *See John C. Crim*, 2012 WL 76891, at *5-6. According to Petitioner, had trial counsel properly investigated and prepared for the suppression hearing, trial counsel would have made a much stronger showing to the trial court that a reasonable person would not have felt free to leave the interview under the circumstances and, therefore, Petitioner should have been considered in custody for Fifth Amendment purposes, thus requiring suppression of his statement. Trial counsel's failure to adequately prepare for a dispositive motion hearing or to investigate the circumstances of a potentially unconstitutional interrogation can be the basis for a claim of ineffective assistance of counsel. *See Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) ("Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner."). Petitioner also alleges that trial counsel improperly prevented him from testifying at trial and failed to thoroughly investigate and cross-examine the victim and the victim's mother. Petitioner alleges that these failures also had an impact on the outcome of his trial. Taking all of the Petitioner's allegations as true without regard to their ultimate success or failure, *see Hayes*, 969 S.W.2d at 944, Petitioner has properly alleged both deficient performance and prejudice and, thereby, has made out a colorable claim of ineffective assistance of counsel. Therefore, we reverse the decision of the post-conviction court with regard to these claims and remand the case for the appointment of counsel and the opportunity for the Petitioner to file an amended petition.

The post-conviction court concluded that Petitioner's other alleged grounds for relief had been previously adjudicated in the direct appeal. Petitioner does not challenge this finding. A petition may be dismissed if it raises issues that have been previously determined or that have been waived. Tenn. Sup. Ct. R. 28, § 2(D)-(E); *see also* T.C.A. § 40-30-104(e). "A claim for relief is previously determined if a court of competent jurisdiction has ruled on the merits of the claim after a full and fair hearing at which petitioner is afforded the opportunity to call witnesses and present evidence." Tenn. Sup. Ct. R. 28, § 2(E); *see also* T.C.A. § 40-30-106(h). Petitioner's claims with regards to the allegedly unlawful arrest, coerced confession, and illegally obtained evidence were previously determined by the trial court at the motion to suppress hearing and affirmed by this Court on direct appeal. *See John C. Crim*, 2012 WL 76891, at *9. Therefore, we affirm the post-conviction court's dismissal of these claims.[1]

### Conclusion

The petition and accompanying documents state the single colorable claim of ineffective assistance of trial counsel for post-conviction relief purposes. The post-conviction court erred in failing to appoint counsel and in failing to provide an opportunity for Petitioner to amend his petition. Therefore, this matter is remanded to the

---

[1] On appeal, Petitioner construes his claims of judicial and prosecutorial misconduct as a supporting basis for his ineffective assistance claim. It may be treated as such on remand or properly submitted as a separate ground for relief in an amended petition.

post-conviction court for appointment of counsel, an opportunity to amend his petition and an evidentiary hearing on the single claim of ineffective assistance of counsel.

_____

TIMOTHY L. EASTER, JUDGE