IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 11, 2015

## JOHN EDWARD LYNCH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 2013CR129PC     Forest A. Durard, Jr., Judge**

—————————————

**No. M2014-01831-CCA-R3-PC - Filed May 19, 2015**

—————————————

Petitioner, John Edward Lynch, appeals the summary dismissal of his petition for post-conviction relief. After the post-conviction court was unable to locate the Petitioner for ten months because the Petitioner had been transferred to federal custody and did not notify the court that his address had changed, the post-conviction court "sua sponte" dismissed the Petition on its merits. After careful review of the parties' briefs, the record, and the applicable law, we conclude that the petition alleged a colorable claim of ineffective assistance of counsel, thereby entitling Petitioner to appointed counsel and to an opportunity to amend his petition with the aid of post-conviction counsel. Accordingly, the judgment of the post-conviction court is reversed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Reversed and Remanded**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

John Edward Lynch, Henning, Tennessee, *Pro Se.*

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Robert James Carter, District Attorney General; and Weakly E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner, John Edward Lynch, timely filed, on November 5, 2013, a petition for post-conviction relief (the Petition) attacking his conviction in the Marshall County Circuit Court for the Class E felony offense of failure to appear, T.C.A. §. 39-16-609. Petitioner was

convicted following a jury trial of the Habitual Motor Offenders Act, eleventh offense DUI, violation of the implied consent law, and felony failure to appear. The trial court ordered all sentences, except the sentence for violation of the implied consent law, to run consecutively with each other for an effective eleven-year sentence in the Department of Correction. The conviction was affirmed on appeal. *State v. John Edward Lynch*, No. M2010-02481-CCA-R3-CD, 2012 WL 3679575 (Tenn. Crim. App., Aug. 24, 2012), *perm. app. denied* (Tenn., Feb. 13, 2013).

The State filed a response to the Petition on November 25, 2013. In its response, the State noted that the Petitioner had sworn or affirmed the information in the petition was true and correct before a Florida notary. The Petition filed on November 5, 2013, states the Petitioner's address was "P.O. Box1150 Henning, TN 38041," and that he was confined at "West Tennessee State Penitentiary." On October 23, 2013, the Petitioner swore or affirmed before a Florida notary "under penalty of perjury that the foregoing (information in the petition) is true and correct." Thereafter, the State filed a "memo" with the post-conviction court stating the copy of their response mailed to the Petitioner had been returned on December 1, 2013, stamped "return to sender."

On March 5, 2013, the post-conviction court issued an order to the Tennessee Department of Correction (TDOC) to transport the Petitioner for a hearing to be held March 26, 2014. On March 6, 2014, TDOC sent a document titled "Arrival/Departure Select" showing that the Petitioner was moved from "WTSP" to "Fed"on March 25, 2013, with the reason for the move noted as "out to court." On March 26, 2014, the post-conviction court entered an order dismissing the petition without prejudice because Petitioner had been transferred from the Tennessee Department of Correction to federal custody. The certificate of service of this order, signed by the post-conviction court judge, stated that Petitioner was served "by holding a copy of this order for Petitioner in the Court file until such time as he may be located." By order entered "sua sponte" on September 2, 2014, the post-conviction court dismissed the post-conviction petition on the merits finding that the Petitioner was not entitled to relief because, among other things, the Petitioner raised the same issues in his direct appeal and "there is no showing there would be a reasonable probability of a different verdict based upon these allegations."

We note that the order appealed from states that "[Petitioner] has filed again [presumably after the March 26, 2014 dismissal "without prejudice"] what appears to be a petition for post-conviction relief." However, the only petition in the appellate record is the one filed pro se on November 5, 2013, which was the subject of the March 26, 2014 order of dismissal "without prejudice" by the post-conviction court. This is also the same order that the post-conviction court served on Petitioner by placing it into the court file "until such time as [Petitioner] may be located." The order appealed from in this case does not state on

what date the purported new petition was filed, and does not reflect that the subsequent petition contains different allegations. In fact, the order's wording that Petitioner "has filed again" a petition for post-conviction relief leads us to the conclusion, without any contrary information in the record, that Petitioner filed the same pro se petition he had timely filed in November 2013. Therefore, we will examine the contents of this petition.

We have reviewed this court's opinion in Petitioner's direct appeal. Petitioner did not raise the issue of ineffective assistance of trial counsel in that appeal.

**Analysis**

An appellate court's review of a summary denial of a petition for post-conviction relief is de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)). Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. The first thing that a post-conviction court must do upon receiving a petition is to conduct a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief . . . ." *Id.* § 2. If a petition fails to state a colorable claim, the post-conviction court must dismiss the petition. *Id.* §§ 5(F)(5), 6(B)(4)(a); *see also* T.C.A. § 40-30-106(d) (where the factual allegations within a petition, "taken as true, fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed").

However, if a petition is filed pro se, then the post-conviction court may grant the petitioner an opportunity to amend the petition to properly allege a colorable claim. T.C.A. § 40-30-106(d). If the pro se petition remains incomplete after a chance to amend, the post-conviction court may then appoint counsel for an indigent petitioner. T.C.A. § 40-30-106(e). Although the decision to afford an opportunity to amend or to appoint counsel to help complete the petition is within the discretion of the post-conviction court, a post-conviction court does not have the authority to dismiss a pro se petition "for failure to follow the prescribed form until the court has given [the] petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. Sup. Ct. R. 28, § 6(B)(4)(b). Furthermore, if the post-conviction court determines that the petition of an indigent pro se petitioner states a colorable claim for relief, the petitioner is then *entitled* to the assistance of appointed counsel. *Id.* § 6(B)(3)(a); *see also* T.C.A. § 40-30-107.

A petition for post-conviction relief "shall include allegations of fact supporting each claim for relief set forth in the petition . . . ." T.C.A. § 40-30-104(e); Tenn. Sup. Ct. R. 28,

§ 5(E)(4)-(5). Put differently:

> The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

T.C.A. § 40-30-106(d). Also, the allegations of fact supporting any ground for relief alleged in a petition must include "a description of how [the] petitioner was prejudiced by the error(s)." Tenn. Sup. Ct. R. 28, § 5(E)(3). Proper drafting of a petition for post-conviction relief is crucial because "[f]ailure to state a factual basis for the grounds alleged shall result in immediate dismissal of the petition." *Id.*; Tenn. Sup. Ct. R. 28, § 5(F)(3).

When making a colorable claim determination, the post-conviction court should look only to the factual allegations in the petition. "An independent review of the transcript of the [relevant proceeding] and conclusive determination that the petition was without merit are not permissible. The preliminary stage is not the appropriate forum for adjudication of the facts of the case." *Charlton v. State*, 987 S.W.2d 862, 865 (Tenn. Crim. App. 1998) (approving of *Loring C. Warner v. State*, No. 03C01-9610-CR00407, 1998 WL 22072 (Tenn. Crim. App. Jan. 23, 1998), *perm. app. denied* (Tenn. Nov. 2, 1998), and *Garry E. Collins v. State*, No. 01C01-9603-CR-00120, 1997 WL 110016 (Tenn. Crim. App. Mar. 13, 1997)). This remains true even though a petitioner's factual allegations "may be exceedingly difficult to prove" or "it is unlikely that a petitioner could adequately establish the violation of his constitutional rights." *Waite v. State*, 948 S.W.2d 283, 285 (Tenn. Crim. App. 1997). In *Hayes v. State,* 969 S.W.2d 943, 944 (Tenn. Crim. App. 1997), this Court observed:

> In reviewing the petitioner's allegations, the court below examined other matters contained in the record of the State's case against the petitioner and decided that the petitioner's allegations were without merit. We commend the court below for attempting to save the State the time, money, and resources required to provide the petitioner with a hearing. However, in doing so, the court below overlooked its statutory duty to take *as true* the allegations contained in the petition, without regard to the other matters contained in the record.

Similarly, in *Roosevelt Malone v. State*, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. May 16, 2003), a panel of this Court provided the following explanation:

The State argues . . . that although Petitioner would be entitled to relief if his allegations are taken as true, it is evident from the record that Petitioner has little chance of succeeding on the merits of his claims in an evidentiary hearing. Although the State does not cite any authority that supports its argument, the State contends that the post-conviction court may properly dismiss the petition if it appears from the record that Petitioner ultimately will not be able to prove his allegations by clear and convincing evidence.

We respectfully disagree. . . . In this case, . . . the post-conviction court dismissed the petition, not because Petitioner did not state a colorable claim, but because it appeared to the post-conviction court that ultimately Petitioner would not be able to prevail in an evidentiary hearing. The reason for dismissal relied upon by the post-conviction court is not one of the statutory reasons for dismissing a post-conviction petition without an evidentiary hearing.

*Accord Gregory D. Valentine v. State*, No. M2014-00977-CCA-R3-PC, 2015 WL 274181, at *7 (Tenn. Crim. App. Jan. 21, 2015) (noting that "the ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing" (quotation and citation omitted)); *Michael Keith Kennedy v. State*, No. W2003-02824-CCA-R3-PC, 2005 WL 645164, at *5 (Tenn. Crim. App. Mar. 16, 2005); *Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *3 (Tenn. Crim. App. Jan 25, 2005), *perm. app. denied* (Tenn. June 27, 2005); *William Alexander Cocke Stuart v. State*, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004); *see also Amin Shabazz v. State*, No. M2002-01302-CCA-R3-PC, 2003 WL 354511, at *1-2 (Tenn. Crim. App. Feb. 14, 2003).

Taking the multiple allegations of fact in support of Petitioner's single claim of ineffective assistance of trial counsel as true, the post-conviction court erred by dismissing the petition without an evidentiary hearing. Petitioner requested in his petition that an attorney be appointed to represent him. In this situation, T.C.A. § 40-30-107(b) mandates that the post-conviction court appoint Petitioner counsel if he is indigent. From our review of the record on appeal, including the State's answer filed on November 26, 2013, to the petition filed November 5, 2013, it appears there are no grounds to dismiss the petition based upon a conclusive determination that Petitioner would not be entitled to relief. *See*, T.C.A. § 40-30-109.

It is understandable why the post-conviction court, a year after the Petition was filed and the location of the Petitioner was still not known, would want to dispose of the case. The fact that the Petitioner did not bother to provide a current address would indicate that he no

longer desired to proceed with the Petition. However, the Petitioner was apparently notified of the September 2, 2014, order dismissing the Petition, and based on the filing of this appeal, the Petitioner still desires a hearing on the merits. Accordingly, this case should be reversed and remanded for appointment of counsel if Petitioner is determined to be indigent. Thereafter, this matter should proceed to an evidentiary hearing as provided by statute.

Accordingly, the judgment of the post-conviction court is reversed, and the case is remanded for proceedings consistent with this opinion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE