IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 14, 2015


**TONY REED HILDEBRAND v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Carter County**
**No. 22152     Lisa Rice, Judge**

_____


**No. E2014-02259-CCA-R3-PC – Filed December 4, 2015**

_____


Petitioner, Tony Reed Hildebrand, filed a pro se motion for post-conviction relief in which he alleged ineffective assistance of counsel, alleged that he was "falsely accused," and insisted that a "court order [was] not honored." The post-conviction court denied relief and dismissed the petition without a hearing. After our review, we conclude that the petition alleged a colorable claim of ineffective assistance of counsel and Petitioner was entitled to appointed counsel, if found to be indigent, and to an opportunity to amend his petition. Accordingly, the judgment of the post-conviction court is reversed, and the case is remanded.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**


TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ROBERT H. MONTGOMERY, JR., JJ., joined.

Tony Reed Hildebrand, Elizabethton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Tony Clark, District Attorney General; and Dennis D. Brooks, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


*Factual Background*

Petitioner was named in a presentment in Carter County in case number 21309 on one count of possession of a Schedule III controlled substance for resale in a school zone, resisting arrest, evading arrest, and a violation of the sex offender registry act. In case number 21461 Petitioner was indicted on one count of violation of the sex offender registry act in Carter County. In case number 22152, a presentment was issued charging Petitioner and his wife Trina with one count of sale of a Schedule III controlled substance within a school zone in Carter County. In case number 22182, Petitioner was indicted on one count of a violation of the sex offender registry in Carter County. The technical record reflects that Petitioner entered guilty pleas on October 9, 2013. The judgments reflect a total effective sentence of six years.

In April of 2014, Petitioner filed a Motion for Reconsideration Hearing, seeking his release from incarceration in case 22152. The trial court denied the motion on May 2, 2014. On August 19, 2014, Petitioner filed a "Motion for Post-conviction Relief" with regard to his "case of sale of sch. III drug" in which he argued that he received ineffective assistance of counsel because counsel "completely ignored the fact that he did not wish to plead guilty." Petitioner also alleged that he was "falsely accused" and that a court order was not "honored." Petitioner filed a second "Motion for Post-conviction Relief" in September of 2014 in case number 22152, challenging his conviction for "sale of sch. III drug." The second motion duplicated the issues raised in the first motion.

The post-conviction court entered an order on October 10, 2014, denying relief and dismissing the petition without appointing counsel or allowing Petitioner the opportunity to amend his pro se petition. In the order, the post-conviction court references a "Motion to Redress" filed by Petitioner in July of 2014. This motion does not appear in the record but, according to the post-conviction court, it set forth "duplicate grounds" to the petition for post-conviction relief. The post-conviction court determined that there was no factual or legal basis which would entitle Petitioner to relief under his argument that he was "falsely accused" based on the "brief recitation of the events which occurred during his wife's plea in this same case." Additionally, the post-conviction court determined that the transcript of the pleas reflects that Petitioner entered contemporaneous pleas on case numbers 22152, 21309, 21461, and 22182[1] and that Petitioner only challenges the validity of the plea in case number 22152. The post-conviction court determined that Petitioner does not set forth a factual basis or explanation for his claim of ineffective assistance of counsel that would entitle him to relief. Lastly, the post-conviction court determined that Petitioner was indicted "within

---

[1] The post-conviction court refers to case numbers 21309, 21461, and 22182 as "Washington County Cases." The indictments and presentments from those cases appear in our technical record on appeal and all of the charges appear to have originated in Carter County.

the applicable statute of limitations" and, moreover, that was not an appropriate ground for post-conviction relief. As a result, the post-conviction court denied relief and dismissed the petition.

*Analysis*

On appeal, Petitioner argues that he pled "guilty to this because [his] law[y]er said [he] should because of [his] record." Petitioner also references his "Motion to Redress" in which he "asked for the court report on . . . the possession [S]chedule III for resale that the Honorable [judge] . . . dismissed." He urges this Court to "reverse the Carter County Criminal Court ordering ruling [sic] that he sold the Schedule III controlled substance and or give him a new court date and that he was not liable for the sale that his wife did with the confidential informant." Petitioner makes no citations to legal authority or to the record for his argument and points to no portion of the Post-Conviction Procedure Act which would entitle him to relief. Moreover, Petitioner seems to abandon his remaining grounds for relief on appeal. The State, on the other hand, insists that the post-conviction court properly dismissed the petition because it failed to meet the requirements of the Post-Conviction Procedure Act.

An appellate court's review of a summary denial of a petition for post-conviction relief is de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (citing *Burnett v. State*, 92 S.W.3d 403, 406 (Tenn. 2002)). Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Petitions for post-conviction relief must include a "specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." *Id.* § 40-30-106(d). A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings. *Id.* Upon receipt of a petition for post-conviction relief, the post-conviction court conducts a preliminary review to "determine whether the petition states a colorable claim." Tenn. Sup. Ct. R. 28, § 6(B)(2). A colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief. . . ." *Id.* § 2(H). If a petition fails to state a colorable claim, the post-conviction court must dismiss the petition. *Id.* §§ 5(F)(5), 6(B)(4)(a); *see also* T.C.A. § 40-30-106(d) (where the factual allegations within a petition, "taken as true, fail to show that the petitioner is entitled to relief . . . , the petition shall be dismissed").

However, if a petition is filed pro se, then the post-conviction court *may* grant the petitioner an opportunity to amend the petition to properly allege a colorable claim. T.C.A. § 40-30-106(d) (emphasis added). If the pro se petition remains incomplete after a chance to amend, the post-conviction court may then appoint counsel for an indigent

petitioner.  T.C.A. § 40-30-106(e).  Although the decision to afford an opportunity to amend or to appoint counsel to help complete the petition is within the discretion of the post-conviction court, a post-conviction court does not have the authority to dismiss a pro se petition "for failure to follow the prescribed form until the court has given [the] petitioner a reasonable opportunity to amend the petition with the assistance of counsel." Tenn. Sup. Ct. R. 28, § 6(B)(4)(b).  Furthermore, if the post-conviction court determines that the petition of an indigent pro se petitioner states a colorable claim for relief, the petitioner is then entitled to the assistance of appointed counsel.  *Id.* § 6(B)(3)(a); *see also* T.C.A. § 40-30-107.

When making a colorable claim determination, the post-conviction court should look only to the factual allegations in the petition.  "An independent review of the transcript of the [relevant proceeding] and conclusive determination that the petition was without merit are not permissible.  The preliminary stage is not the appropriate forum for adjudication of the facts of the case."  *Charlton v. State*, 987 S.W.2d 862, 865 (Tenn. Crim. App. 1998) (approving of *Loring C. Warner v. State*, No. 03C01-9610-CR00407, 1998 WL 22072 (Tenn. Crim. App. Jan. 23, 1998), *perm. app. denied* (Tenn. Nov. 2, 1998), and *Garry E. Collins v. State*, No. 01C01-9603-CR-00120, 1997 WL 110016 (Tenn. Crim. App. Mar. 13, 1997)).  This remains true even though a petitioner's factual allegations "may be exceedingly difficult to prove" or "it is unlikely that a petitioner could adequately establish the violation of his constitutional rights."  *Waite v. State*, 948 S.W.2d 283, 285 (Tenn. Crim. App. 1997).  In *Hayes v. State*, 969 S.W.2d 943, 944 (Tenn. Crim. App. 1997), this Court observed:

> In reviewing the petitioner's allegations, the court below examined other matters contained in the record of the State's case against the petitioner and decided that the petitioner's allegations were without merit.  We commend the court below for attempting to save the State the time, money, and resources required to provide the petitioner with a hearing.  However, in doing so, the court below overlooked its statutory duty to take as true the allegations contained in the petition, without regard to the other matters contained in the record.

*See* T.C.A. §40-30-106(b)-(d); *See also John Edward Lynch v. State*, No. M2014-01831-CCA-R3-PC, 2015 WL 2399725, at *3 (Tenn. Crim. App. May 19, 2015), *no perm. app. filed*; *Gregory D. Valentine v. State*, No. M2014-00977-CCA-R3-PC, 2015 WL 274181, at *7 (Tenn. Crim. App. Jan. 21, 2015) (noting that "the ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing" (quotation and citation omitted)), *no perm. app. filed*; *Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *3 (Tenn. Crim. App. Jan 25, 2005), *perm. app. denied* (Tenn. June 27, 2005); *Michael Keith*

*Kennedy v. State*, No. W2003-02824-CCA-R3-PC, 2005 WL 645164, at *5 (Tenn. Crim. App. Mar. 16, 2005), *no perm. app. filed*; *William Alexander Cocke Stuart v. State*, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *3 (Tenn. Crim. App. May 4, 2004), *no perm. app. filed*; *Roosevelt Malone v. State*, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. May 16, 2003) (reversing where "[t]he reason for dismissal relied upon by the post-conviction court is not one of the statutory reasons for dismissing a post-conviction petition without an evidentiary hearing), *no perm. app. filed*; *Amin Shabazz v. State*, No. M2002-01302-CCA-R3-PC, 2003 WL 354511, at *1-2 (Tenn. Crim. App. Feb. 14, 2003), *no perm. app. filed*.

In the case herein, Petitioner filed a timely petition for post-conviction relief that, while ineptly drafted, made an allegation of ineffective assistance of counsel to the effect that his guilty plea was made unknowingly and involuntarily. Specifically, Petitioner alleged that trial counsel ignored the fact that he wanted to proceed to trial. When the post-conviction court received the petition, rather than taking the allegations at face value, the post-conviction court looked outside the pleadings to the transcript of the guilty plea hearing and made a determination that the allegations were unsupported by the record. Like the court in *Hayes*, we appreciate the post-conviction court's attempt at promoting judicial economy. However, the Post-Conviction Procedure Act must be followed as written. The post-conviction court should have appointed counsel and permitted Petitioner to file an amended petition. After that point, a hearing should have been held on the petition at which time Petitioner could present proof. For those reasons, we must reverse the judgment of the post-conviction court and remand for appointment of counsel if Petitioner is determined to be indigent. Thereafter, Petitioner shall be permitted to file an amended petition and this matter should proceed to an evidentiary hearing as provided by statute.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is reversed and the case remanded for further proceedings consistent with this opinion.

_____
TIMOTHY L. EASTER, JUDGE